UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALCOLM BUTLER,

        Petitioner,

v.                                       CASE NO. 04-CV-70359-DT
                                       HONORABLE GEORGE CARAM STEEH

PAUL RENICO,

        Respondent.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## A CERTIFICATE OF APPEALABILITY

Petitioner Malcolm Butler has appealed the Court's order denying his application for the writ of habeas corpus under 28 U.S.C. § 2254. The Court must treat Petitioner's notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. "It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has

already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

The habeas petition attacks Petitioner's state convictions for first-degree murder and possession of a firearm during the commission of a felony. The grounds for relief, as stated in the supporting brief, read:

> I. The prosecutor withheld exculpatory identification evidence from Petitioner, where those witnesses were unable to identify Petitioner during a previous lineup, and where the prosecution had each of these witnesses make in-court identifications at trial in contradiction to this withheld exculpatory viewing; and
>
> Petitioner's trial counsel failed to move pretrial for suppression of in-court identification of Petitioner or move for a mistrial when this withheld exculpatory identification evidence was first introduced at trial.
>
> II. Petitioner's counsel failed to move [for a] mistrial when newly discovered exculpatory evidence came to light during jury deliberations, where such evidence is an admission of guilt and/or evidence of perjury by the prosecution's witness, Clee Jackson.
>
> III. Petitioner's counsel did not request the cautionary accomplice instruction for witness, Clee Jackson, where this witness testified, at a minimum, to his role as an accessory after the fact, all physical evidence pointed to him as the actual perpetrator, and where he fit the physical description of the perpetrator, as given by the eyewitnesses.

The Court found no merit in the claim that the prosecutor withheld exculpatory evidence, because the disputed evidence was disclosed during trial and the delayed disclosure did not prejudice Petitioner. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Norris v. Schotten*, 146 F.3d 314, 334 (6th Cir. 1998). The Court rejected Petitioner's claim that defense counsel should have moved to suppress in-court identifications of him, because the failure to identify a defendant before trial does not require exclusion of in-court identifications. *Howard v.*

*Bouchard*, 405 F.3d 459, 484 (6th Cir. 2005).

The Court found no merit in the claim that defense counsel should have moved for a mistrial, because defense counsel appears to have made a strategic decision not to seek a mistrial and the omission likely did not affect the outcome of the trial. The Court rejected Petitioner's final claim about the lack of a request for a jury instruction on accomplice testimony because neither the prosecutor nor Petitioner maintained that the gunman was aided and abetted in the crimes.

Although the Court rejected all of Petitioner's claims on their merits, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338. The Court believes reasonable jurists could debate the Court's assessment of Petitioner's first and second claims regarding the alleged suppression of evidence, defense counsel's failure to move for suppression of the eyewitnesses in-court identifications of Petitioner, and defense counsel's failure to move for a mistrial. Therefore, a certificate of appealability may issue on Petitioner's first and second claims.

The Court declines to issue a certificate of appealability on Petitioner's third claim regarding a jury instruction on accomplice testimony, because the Court's assessment of this issue is not debatable among reasonable jurists. A jury instruction on accomplice testimony would have been inconsistent with Petitioner's defense that he was not involved in the crime. Furthermore, in Michigan, a person is considered an accomplice only if the person could be charged with the same offense as the accused. *People v. Threlkeld*, 47 Mich. App. 691, 696; 209 N.W.2d 852, 855 (1973). There was no evidence that the alleged accomplice assisted Petitioner

3

in the charged crime.

     To summarize, a certificate of appealability may issue on Petitioner's first and second claims. The Court declines to issue a certificate of appealability on Petitioner's third and final claim.

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

Dated: July 12, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 12, 2005, by electronic and/or ordinary mail.

                              s/Josephine Chaffee
                              Secretary/Deputy Clerk